UNITED STATES of America,
Plaintiff,

v.

Gary ARNOLD, Nancy M. Arnold and
Marice T. Arnold, Defendants.

No. CIV. 04–140–B–MJK.

United States District Court,
D. Maine.

March 14, 2005.

David R. Collins, Office of the U.S. Attorney, District of Maine, Portland, for United States of America, Plaintiff.

Joseph T. Walsh, Jr., Walsh Law Offices, Bangor, for Gary D Arnold, Nancy M Arnold, Defendants.

## MEMORANDUM OF DECISION[1] ON MOTION FOR SUMMARY JUDGMENT

KRAVCHUK, United States Magistrate Judge.

The United States of America seeks to foreclose on certain promissory notes, mortgages and security agreements issued by the defendants Gary and Nancy Arnold to the Department of Agriculture, Farm Service Agency ("FSA"). Now pending is the FSA's motion for summary judgment. I GRANT the motion.

### Facts

The following statement of facts is drawn from the parties' statements of material facts in accordance with Local Rule 56. (Docket Nos. 12, 17 and 21).[2] The

---

1. Pursuant to 28 U.S.C. § 636(c), the parties have consented to have United States Magistrate Judge Margaret J. Kravchuk conduct all proceedings in this case, including trial, and to order entry of judgment.

2. The defendants' four paragraph "response" (Docket No. 17) to the Government's motion offers certain factual statements meant to generate a contest as to whether the Government, by accepting certain funds on the de-

statements reflect that there is no genuine dispute of material fact.

1. On June 30, 1978, November 21, 1980, and May 14, 1982, Gary D. Arnold and Nancy M. Arnold executed and delivered to FSA three Promissory Notes in the original principal amounts of $40,000.00, $40,000.00 and $6,600.00. Said notes were consolidated and rescheduled on June 22, 1983, in the amount of $96,333.06 and rescheduled on September 28, 1984, in the amount of $101,112.56. (Docket No. 12, ¶ 1.)

2. On June 22, 1983, said defendants obtained a loan in the amount of $5,000.00, which was rescheduled on September 28, 1984, in the amount of $5,370.99. (*Id.*)

3. On March 7, 1985, said loans dated September 28, 1984, were consolidated and rescheduled in the amount of $109,867.69 and rescheduled again on April 27, 1989, and July 27, 1993, in the amounts of$113,653.84, and $126,079.59. (*Id.*)

4. On June 30, 1978, Gary D. Arnold and Nancy M. Arnold executed and delivered to FSA a Promissory Note in the original principal amount of $100,000.00. Said loan was reamortized on April 27, 1989, and July 27, 1993, in the amounts of $102,749.08 and $127,773.48. (*Id.* ¶ 2.)

5. On May 21, 1979, Gary D. Arnold and Nancy M. Arnold executed and delivered to FSA a Promissory Note in the original principal amount of $10,000.00. Said loan was rescheduled on September 28, 1984, March 7, 1985, April 27, 1989, and July 27, 1993, in the amounts of $3,871.96, $4,033.20, $4,033.20, and $4,147.39. (*Id.* ¶ 3.)

6. On January 25, 1980, Gary D. Arnold and Nancy M. Arnold executed and delivered to FSA a Promissory Note in the original principal amount of $20,000.00. Said note was rescheduled on September 28, 1984, March 7, 1985, April 27, 1989, and July 27, 1993 in the amounts of $17,042.66, $17,827.09, $17,827.09, and $18,975.69. (*Id.* ¶ 4.)

7. That on or about November 5, 1984, Gary D. Arnold and Nancy M. Arnold obtained a loan in the amount of $10,000.00. Said loan was reamortized on March 7, 1985, April 27, 1989, and July 27, 1993, in the amounts of $10,359.32, $11,239.21, and $13,820.86. (*Id.* ¶ 5.)

8. On June 30, 1978, November 5, 1984, March 7, 1985, April 27, 1989, August 31, 1990, and July 27, 1993, Gary D. Arnold and Nancy M. Arnold executed, acknowledged, and delivered to the United States

---

fendants' account, waived its right to foreclose against their realty. However, those statements were not set forth in a proper opposing statement of material facts. Nevertheless, the Government, in an abundance of caution, filed an "additional statement of material facts" (Docket No. 21) that set forth facts tending to demonstrate that the defense raised in the defendants "response" was not material to the disposition of the motion for summary judgment. On January 21, 2005, I entered the following order on the electronic docket:

Because of the unusual procedural posture of this record, plaintiff's counsel has until January 28, 2005, to file ONE proper responsive pleading with ONE proper responsive statement of material facts to the Gov-

ernment's initial motion and its additional statement of facts submitted with its reply. (Docket No. 23.) The defendants failed to comply with that order. Instead, they chose to file a "motion to stay summary judgment and for discovery" (Docket No. 24) that failed to comply with Rule 56(f). Additionally, this motion, the first request for *any* discovery, was filed more than one month after the discovery deadline and therefore was not timely. I denied that motion in an order dated March 2, 2005 (Docket No. 29), but afforded the defendants two additional days to comply with my earlier order. They have declined to do so, presumably because they lack a legitimate basis to contest the Government's motion.

three Mortgages duly recorded in the Penobscot County Registry of Deeds in Volume 2880, Page 242; Volume 3596, Page 269; Volume 3634, Page 294; Volume 4428, Page 347; Volume 4712, Page 129; and Volume 5391, Page 150, covering real estate of Gary D. Arnold and Nancy M. Arnold in Bradford, County of Penobscot, and State of Maine, described in said Mortgages securing said Notes. (*Id.* ¶ 5 (the second one) [3].)

9. Gary D. Arnold and Nancy M. Arnold executed a series of Security Agreements with the United States, with the first one being June 30, 1978, to further secure the repayment of the above indebtedness and granting to the United States a security interest in defendants' livestock, crops and equipment. (*Id.* ¶ 6.)

10. Plaintiff has complied with all servicing actions required under 7 CFR 1951, Subpart S. (*Id.* ¶ 8.)

11. The loans described in the foregoing paragraphs now amount to five loans falling into the following categories: two real estate loans, one operating loan and two emergency loans. (Docket No. 21, ¶ 1.)

12. The security interests described in the foregoing paragraphs pledge Gary and Nancy Arnold's livestock, crops, equipment and the proceeds and products thereof, including the milk produced on the defendants' farm and proceeds from milk sales. (*Id.* ¶ 3.)

13. The FSA, Gary Arnold and Nancy Arnold executed an Assignment of Proceeds from the Sale of Dairy Products and Release of Security Interest, which entitles the FSA to all funds paid by West Lynn Creamery for the purchase of milk, but permits Gary and Nancy Arnold to retain, and releases the FSA's security interest in, proceeds exceeding $1,000 monthly from milk sales made to West Lynn Creamery. Pursuant to this arrangement, the West Lynn Creamery has made payment's to the FSA on the Arnold's account amounting to $1,000 monthly. (*Id.* ¶ 4; *see also* Docket No. 17, ¶ 2.)

14. The FSA has applied said funds to accounts of Gary and Nancy Arnold upon receipt. FSA applies these payments to the Arnolds' various accounts as instructed by 7 C.F.R. § 1951.10(a)(1)(i). Pursuant to this regulation, the Arnolds' monthly payments of $1,000 are initially credited to "loans made in connection with the current year's operations." (Docket No. 21, ¶ 5.)

15. Since the filing of the foreclosure complaint in this matter, the FSA has received six milk assignment payments. All of these milk lease payments have been applied to defendants operating loan. (*Id.* ¶ 8; *see also* Docket No. 25, Elec. Attach. 1, ¶ 2.)

16. The "payoff" on Gary and Nancy Arnold's account is $385,839.04, as of January 13, 2005. (*Id.* ¶ 9.)

17. The Arnolds are in default on the terms and conditions of the aforementioned promissory notes and security instruments by failing to make payments and failing to pay taxes.[4] (Compl. & Answer, ¶ 15.)

---

3. The Government's statement of material facts has two paragraphs numbered 5.

4. Remarkably, the fact that the Arnolds are in default on the terms and conditions of their notes and security instruments was omitted from the FSA's statement of material fact. I nevertheless take judicial notice of the Arnold's default because they admitted in their answer that they are in default. (*Docket No. 6*, ¶ 15.) Paragraph 15 of the FSA's complaint, which is admitted by the defendants, recites:

> 15. That said Defendants failed to comply with the provisions and conditions of the said Promissory Notes, Real Estate Mortgages, and Security Agreements by failing

18. By virtue of the Arnolds' default, "the entire amount of the indebtedness evidenced by the said Promissory Notes and secured by the Real Estate Mortgages and Security Agreements [is] immediately due and payable." (*Id.* ¶ 17.)[5]

19. Finally, the FSA indicates, and the Arnolds admit, that co-defendant Marice T. Arnold, of Storer Road, Bradford, Maine, has or claims to have some interest in a portion of the mortgaged premises, described above as the Home Farm, or some part thereof, which interest, if any, is subsequent to the lien of the Mortgage dated June 30, 1978, and subordinate to the liens of the Mortgages dated November 5, 1984, March 7, 1985, April 27, 1989, August 31, 1990, and July 27, 1993, which are the subject of this action. (*Id.* ¶ 21.)[6]

20. On December 3, 2004, the clerk entered a default against Marice T. Arnold,[7] who has failed to enter any pleading in this action (Docket No. 13.)

## Discussion

A movant is entitled to summary judgment only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). To succeed on a motion for summary judgment, the movant must demonstrate "an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265

(1986). When that is accomplished, the burden shifts to the opponent to establish the existence of a fact issue which is both 'material,' in that it might affect the outcome of the litigation, and 'genuine,' in that a reasonable jury could, on the basis of the proffered proof, return a verdict for the opponent. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986), The nonmovant may not rest upon mere allegations, but must adduce specific, provable facts demonstrating the existence of a triable issue. "The evidence illustrating the factual controversy cannot be conjectural or problematic; it must have substance in the sense that it limns differing versions of the truth which a factfinder must resolve at an ensuing trial." *Mack v. Great Atlantic and Pacific Tea Co.,* 871 F.2d 179, 181 (1st Cir.1989). As the Supreme Court has said:

> There is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or significantly probative, summary judgment may be granted.

*Anderson,* 477 U.S. at 248, 106 S.Ct. 2505.

■ In order to obtain a judgment of foreclosure a plaintiff must prove the following:

(1) a breach of condition in the plaintiff's mortgage;

(2) the amount due on the mortgage, including reasonable attorney's fees and court costs; and,

---

to make payments of principal and interest when due, and by failing to make payments of taxes when due, thus making it necessary for the Plaintiff to pay the same to protect its interest. (Compl., Docket No. 1, ¶ 15.)

**5.** The FSA omits yet another elementary piece of the foreclosure puzzle from its statement of material facts: the fact that the notes contained acceleration clauses making the entire-

ty of the loan balances immediately due. Once more the defendants have admitted the crucial fact.

**6.** *See, supra,* notes 4 and 5.

**7.** I assume that Marice T. Arnold is the only party in interest, because he is the only defendant named other than the mortgagors.

(3) the order of priority and those amounts, if any, that may be due to other parties of interest.

*Johnson v. McNeil*, 2002 ME 99, ¶ 17, 800 A.2d 702, 705 (citing 14 M.R.S.A. § 6322). The undisputed facts demonstrate that the Arnolds are in default on their promissory notes and mortgage notes, that the entire balance due under those notes is currently due and, as of January 13, 2005, amounted to $385,839.04, that the FSA's mortgage has priority over any other interests in the mortgaged premises, and that the Arnolds do not have any defenses to the foreclosure action. These facts establish that the FSA is entitled to a judgment for foreclosure. *See id.*

### Conclusion

For the reasons set forth herein, it is ORDERED that the plaintiff's motion for summary judgment be, and is hereby, GRANTED as against the defendants Gary Arnold and Nancy M. Arnold. The United States shall prepare and submit a proposed judgment of foreclosure within ten days.

*So Ordered.*